THE PEOPLE *ex rel.* John C. Stinger

*v.*

JONATHAN C. KINGSBURY, County Clerk of Marshall County.

*Filed at Ottawa September 27, 1881.*

COUNTY TREASURERS—*extension of their terms of office for one year, under the constitutional amendment of 1880.* A county treasurer who was elected at the general election held in November, 1879, continued to hold the office until the 27th day of February, 1881, at which time he died. Under the constitution and law in force at the time of his election, the term for which he was elected would have expired on the first Monday of December, 1881. But the amendment of 1880 of sec. 8 of art. 10 of the constitution of 1870, with the legislation in pursuance thereof, operated to extend the terms of office of the then present incumbents of the office of county treasurer, and of certain other county offices, until the first Monday of December, 1882. So the unexpired part of the term, in this case, was more than one year, and it was directed that a special election be ordered to fill the vacancy, it not being competent for it to be filled by appointment except when the unexpired portion of the term is less than one year.

This was an application to this court for a writ of *mandamus*. This case, and the preceding case of *The People ex rel. Lynch* v. *The Board of Supervisors of LaSalle County,* being of like character, were argued together as one case.

Per CURIAM: This is an application for a writ of *mandamus,* to compel the county clerk of Marshall county to call

a special election to choose a county treasurer, to hold for the unexpired part of the term to which one William E. Thompson was elected in November, 1879. Thompson entered upon the duties thereof on the first Monday of December, 1879, and continued to hold the office until the 27th day of February, 1881, on which latter day he died, whereby that office then became vacant.

The clerk refuses to call such election, insisting that the unexpired part of the term is less than one year. If this were so it would be the duty of the board of supervisors to fill the office by appointment. The record shows that the board did, in fact, on the second day of March, 1881, appoint one James Law county treasurer, who qualified, and entered upon the duties of the office. The relator insists this appointment, under the facts, was unlawful and void, and should be treated as a nullity, and that the term of county treasurer has been extended by law one year, and until the first Monday of December, 1882. We have at this term, in the case of *The People ex rel.* v. *Board of Supervisors of La Salle County,* (ante, p. 495,) held that no general election for county treasurers is authorized by law to be held before November, 1882, and that under the constitution and law now in force, the present incumbents are entitled to hold their respective offices until the first Monday of December, 1882. Accepting that decision as settling that question, it follows that the term for county treasurers has been extended until December, 1882, and that the unexpired part of the term in this case is in law more than a year, hence the appointment by the board was not lawful, and the respondent ought to proceed at once to call a special election to fill the vacancy. ·

The *mandamus* is therefore allowed.

*Mandamus allowed.*

. Mr. JUSTICE SCOTT: I can not concur in this decision, and for an expression of my views reference is made to my sepa-

rate opinion in *The People* v. *Board of Supervisors of La Salle County,* decided at the present term.

Mr. JUSTICE WALKER: I hold there should be a general election in November, 1881, in this as in other cases.

Mr. JUSTICE SHELDON, dissenting: I am of opinion the term of the office will expire on the first Monday of December, 1881.