THE PEOPLE *ex rel.* A. W. Miller, Appellant, *vs.* JOSEPH HOTZ, County Clerk, Appellee.

*Opinion filed October 22, 1927—Rehearing denied Dec. 9, 1927.*

1. OFFICES—*the county clerk may be compelled by mandamus to call election to fill vacancy in office of State's attorney.* Under section 32 of article 6 of the constitution a vacancy in the office of State's attorney must be filled by an election where the unexpired term is for more than one year, and the county clerk may be compelled by *mandamus* to issue an order appointing a day for an election to fill such vacancy notwithstanding the acts of 1915 and 1923 attempting to authorize the county board to fill such vacancy by appointment.

2. SAME—*title to office cannot be determined in mandamus proceeding—parties.* As *quo warranto* is the proper method of attacking the legal right of a person to hold an office whose duties he is assuming to exercise and his title cannot be collaterally determined in a *mandamus* proceeding, one holding office by appointment to fill a vacancy is not a necessary party to a petition for *mandamus* to compel the county clerk to call an election to fill the vacancy.

3. CONSTITUTIONAL LAW—*court has no discretion as to enforcing constitution.* The constitution is the supreme law of the land, and a court, when called upon to enforce a provision of the constitution, has no discretion to refuse such enforcement according to its judgment as to the wisdom of such provision or whether the public good will be subserved by disregarding it.

APPEAL from the Circuit Court of Madison county; the Hon. HENRY G. MILLER, Judge, presiding.

327—28

Geers & Geers, and J. F. Eeck, for appellant.

C. W. Burton, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

A demurrer was sustained to a petition filed in the circuit court of Madison county for a writ of *mandamus* against the county clerk of that county. The relator electing to stand by his petition, the court dismissed it at his costs, and he has appealed.

J. R. Brown, who was State's attorney of Madison county, was elected judge of the circuit court for the third circuit on June 6, 1927, and resigned his office as State's attorney. The board of supervisors appointed Alvin C. Bohm to fill the vacancy thus caused in the office of State's attorney. A petition was filed against Joseph Hotz, the county clerk, for a writ of *mandamus* commanding him to issue an order appointing a day for an election to fill the vacancy in the office of State's attorney and to cause notice to be given as in other cases of election. The unexpired term of the office was more than one year, and the vacancy was therefore required by section 32 of article 6 of the constitution to be filled by election since the office of State's attorney is provided for by section 22 of article 6. By section 133 of chapter 46 of the Revised Statutes of 1874 it was enacted: "When a vacancy shall occur in the office of county commissioner, State's attorney, sheriff, coroner, county clerk, recorder of deeds, county treasurer, county surveyor, justice of the peace, constable, or other county or precinct officer not otherwise provided for by law, within one year before the expiration of the term of such vacant office, the vacancy shall be filled by appointment, by the county board of the county in which the vacancy exists; but if such unexpired term exceeds one year, the county clerk, or, in case of a vacancy in his office, the chairman of the county board, shall issue an order appointing a day for an

election to fill such vacancy, and cause notice thereof to be given as in other cases of election." This continued to be the law until 1915, when the General Assembly amended the section by eliminating from it the sheriff, coroner, recorder of deeds, county treasurer, county surveyor, or other county or precinct officer not otherwise provided for by law, and adding the following proviso: *"Provided,* that when a vacancy shall occur in the office of sheriff, coroner, recorder of deeds, county treasurer, county surveyor, or other county or precinct officer not otherwise provided for by law, at any time before the expiration of the time of such vacant office, such vacancy shall be filled by appointment, by the county board of the county in which such vacancy exists, until the next county or precinct election when a successor shall be elected for the unexpired term or a full term as the case may require." (Laws of 1915, p. 398.) None of the officers named in this proviso were provided for by article 6 of the constitution, and vacancies in their offices were therefore not required by section 32 of that article to be filled by election, whether the vacancy exceeded one year or not. In 1923 another amendment of the section was passed by the General Assembly and approved by the Governor, which merely removed the words "State's attorney" from the body of the act and inserted them in the proviso. (Laws of 1923, p. 347.) Its only effect would have been to authorize the county board to fill a vacancy in the office of State's attorney by appointment until the next election, whether the vacancy exceeded one year or not. Since this would have violated the constitutional requirement the act was beyond the power of the legislature and was void.

It is argued that the selection of the officer to call an election to fill a vacancy was within the legislative power, and an amendment which merely omitted from the act the office of State's attorney would simply leave the manner of calling the election to fill a vacancy in that office unprovided for and would not violate the constitutional provision re-

quiring the vacancy to be filled by an election. The amendatory act, however, went further and required the county board to fill the vacancy by appointment, which was a violation of the constitutional provision. As to this, the appellee relies upon the principle that where an enactment of the legislature is in part constitutional and in part unconstitutional the constitutional part of the act will be given effect and the unconstitutional part disregarded, and, applying this principle, says that after eliminating the State's attorney from the main body of the act it no longer imposes a duty on the county clerk to call a special election for the office of State's attorney and *mandamus* will therefore not lie to compel him to do so. The principle mentioned is, however, subject to the qualification that the constitutional part of the act will not be given effect and the unconstitutional part disregarded when the unconstitutional part is of such a character that it may be inferred that without it the legislature would not have passed the act. It is apparent that the only purpose of the act was to avoid the necessity of an election to fill a vacancy of more than a year in the office of State's attorney; that if no provision for an election was made by the legislature there would be no constitutional method of filling the office, and it cannot be supposed that the legislature would have repealed the provision providing for the calling of the election if it had supposed that the provision for an appointment by the county board could not take effect and no method of filling the vacancy would exist. The duty imposed upon the county clerk to issue an order appointing a day for an election to fill the vacancy remained, and upon his failure to perform this duty a writ of *mandamus* should issue requiring him to perform it. (*People* v. *Kingsbury,* 100 Ill. 509.) The only claim of authority made by the appellee for the appointment by the board of supervisors is based upon the unconstitutional amendment of 1923.

It is suggested that by reason of the failure to make Alvin C. Bohm, the person appointed by the board of supervisors to fill the vacancy, a defendant, there is a defect of parties, but as was said in *People* v. *Faherty*, 306 Ill. 119, no attack is made here directly on Bohm. The object of the petition is to compel the respondent to discharge the duty imposed on him by law. Bohm's title to the office is not involved. *Quo warranto* is the proper method of attacking the legal right of a person to hold an office whose duties he is assuming to exercise, and his title cannot be collaterally determined in a *mandamus* proceeding.

It is argued that the awarding of a writ of *mandamus* is discretionary with the courts; that the petitioner must show a clear legal right to the writ; that the court is governed by what seems necessary and proper to be done in the particular instance for the attainment of justice; that the public good will not be promoted in any substantial way by the issuance of the writ, and therefore the court exercised a wise judicial discretion in refusing it. This is an amazing argument, and it is still more amazing if the court was influenced by it in any way. The constitution is the supreme law, and every citizen is bound to obey it and every court is bound to enforce its provisions. It is a most extraordinary doctrine that the court has a discretion to enforce or not enforce a provision of the constitution according to its judgment as to its wisdom or whether the public good will be subserved by disregarding it.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer and proceed to judgment.　　*Reversed and remanded, with directions.*