THE PEOPLE *ex rel.* A. W. Miller, Petitioner, *vs.* JOSEPH HOTZ, County Clerk, Respondent.

*Opinion filed February 24, 1928.*

OFFICES—*when county clerk may be compelled by mandamus to call election to fill vacancy in office of State's attorney.* The county clerk may be compelled by *mandamus* to call an election to fill a vacancy in the office of State's attorney where the unexpired term has more than a year to run, and the statute attempting to authorize the county board to fill such vacancy is invalid as contravening section 32 of article 6 of the constitution. (*People* v. *Hotz*, 327 Ill. 433, followed.)

ORIGINAL petition for *mandamus.*

GEERS & GEERS, and J. F. EECK, for petitioner.

C. W. BURTON, for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an original petition for a writ of *mandamus,* filed on leave of this court, to require respondent, as county clerk of Madison county, to call an election for the purpose of filling a vacancy existing in the office of State's attorney

of that county, as required by law. The motion for leave
sets out that on June 20 a vacancy occurred in that office
by reason of the resignation of Jesse R. Brown, the then
incumbent, who had been elected to the office of circuit
judge in the circuit in which that county is located; that
on the day on which the resignation of the State's attorney
was tendered to the board of supervisors of that county that
board attempted to appoint Alvin C. Bohm to fill the un-
expired term of that office; that the term of State's attor-
ney did not expire until the first Monday in December, 1928,
and there was therefore more than one year of the term
remaining unexpired; that demand had been made upon
respondent, as county clerk, to call an election to fill the
vacancy thus caused but that he declined to do so; that
within three days thereafter relator filed a petition for *man-
damus* in the circuit court of Madison county before Hon.
Henry G. Miller, judge of that court, in the name of the
People, to compel respondent to call the necessary election
to fill such vacancy; that respondent demurred to the peti-
tion and the demurrer was sustained, and relator abiding
his petition the court dismissed the same; that an appeal
was perfected to this court, where on October 19 the judg-
ment was reversed and the cause remanded to the circuit
court, with directions to overrule the demurrer and to pro-
ceed to judgment; that although the mandate was filed in
the office of the clerk of the circuit court of Madison county
on October 20 and a motion for judgment was filed the
next day, the court on the 24th of October overruled the
motion for judgment and ruled respondent to answer in ten
days; that respondent filed seven pleas in the cause, to some
of which relator filed a *similiter* and to others a motion to
strike; that leave to file additional pleas was allowed and
two additional pleas were filed on November 16; that these
pleas were demurred to, and on November 23 Judge Miller
heard arguments on the demurrer; that at the conclusion
of such arguments relator filed and presented to the court,

in writing, a motion showing the case to be one where a public interest was involved and that the people were being deprived of the legal right to elect a State's attorney to fill such vacancy; that the court took the motion under advisement, and nothing further was done until December 8, 1927, when leave was granted to respondent to file further additional pleas, and two additional pleas were filed; that on December 10 relator filed demurrers to one of the pleas last filed and a replication to the other; that on that day the court sustained relator's motion to strike the third and seventh pleas, relator's demurrer to the fourth, fifth and sixth pleas was sustained, and his demurrer to the eighth, ninth and tenth pleas was overruled and a rule entered on him to plead instanter; that relator refused to plead to the eighth, ninth and tenth pleas but abided his demurrer thereto; that no further order was entered in the case, and that at the time of the filing of this motion for a petition for *mandamus* in this court on December 14, 1927, no date had been set for further action or proceedings in the circuit court. The motion further alleges that due to the dilatory tactics of respondent and his attorneys, which were countenanced and permitted by the circuit court, relator had been unable to obtain relief in the premises in that court. On these grounds the motion for leave to file a writ of *mandamus* was allowed, respondent ordered to plead or demur, and the cause set for hearing on the last day of the December, 1927, term of this court.

Respondent has filed five pleas to the petition. The first alleges that there is no vacancy in the office of State's attorney of Madison county; the second is that relator is not, and has not been for five years last past, a resident and taxpayer of the county; the third is that the writ should not issue because of the cost to the county of holding a special election; the fourth alleges that the vacancy existing in the office of State's attorney in Madison county does not exceed one year; and the fifth alleges that the vacancy claimed

to exist in the office of State's attorney was within one year before the expiration of the term claimed vacant at the time the suit was commenced. Relator has demurred to the pleas filed.

This court at the October, 1927, term, in *People* v. *Hotz,* 327 Ill. 433, referred to in relator's motion herein, directed that respondent's demurrer to the petition filed in the circuit court be overruled and that that court proceed to judgment. All questions of law involved in the case were definitely settled in that opinion. It was there held that the act of the legislature which attempted to authorize county boards to fill a vacancy in the office of State's attorney where such vacancy existed for a period of more than one year was invalid, as contravening section 32 of article 6 of the constitution, and that the duty rested upon the county clerk in that case to call the election as demanded. The relator in *People* v. *Hotz* is the relator here and the respondent there is the respondent here. The facts are identical. The questions of law were settled in that case. It would seem that enough was decided on the former hearing to point out plainly the law and the duty of the court and county clerk to follow it. It is evident from the multiplicity of pleas filed after the cause in *People* v. *Hotz* was remanded to the circuit court, practically all of which raised questions decided by this court, that the same were filed merely in the furtherance of dilatory tactics. A citizen of this State should not be required to come to this court to secure relief under such circumstances, particularly when the questions in the case have already received consideration and determination by this court.

The demurrer to the pleas filed is sustained and the writ is awarded.

*Writ awarded.*