THE COUNTY OF KANE, Plaintiff-Appellee and Counterdefendant-Cross-Appellant, v. JAN CARLSON, Clerk of the Circuit Court, Kane County, Defendant and Counterdefendant-Cross-Appellant; HON. JOHN A. KRAUSE, Chief Judge of the Circuit Court for the Sixteenth Judicial Circuit, Defendant and Counterplaintiff-Appellee and Cross-Appellant; THE ILLINOIS STATE LABOR RELATIONS BOARD, Defendant-Appellant and Counterdefendant-Cross-Appellee; THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, (AFSCME), AFL-CIO, *et al.*, Defendants-Appellants and Counterdefendants-Appellants and Cross-Appellees.

Second District   Nos. 85—0228, 85—0230 cons.

Opinion filed February 7, 1986.

NASH, P.J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Robert W. Cushing, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois State Labor Relations Board.

Wendell W. Clancy and John J. Hoscheit, both of Clancy, McGuirk & Hulce, of St. Charles, for appellant Jan Carlson.

Gilbert A. Cornfield, of Cornfield & Feldman, of Chicago, for other appellants.

Robert Morrow, State's Attorney, of Geneva (David R. Akemann and William F. Barrett, Assistant State's Attorneys, of counsel), for appellee County of Kane.

Gerald M. Sheridan, Jr., of Wheaton, and Robert F. Casey, of Casey, Krippner & Callahan, of Geneva, for appellee John A. Krause.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Kane County (the county), brought an action in the circuit court of Kane County seeking a declaratory judgment and an injunction restraining the Illinois State Labor Relations Board (the Board) from proceeding on a petition by the American Federation of State, County and Municipal Employees (AFSCME) requesting a representation election for the deputy clerks (deputy circuit clerks) in the office of the clerk of the circuit court of Kane County (the circuit clerk). The county's complaint named the Board, AFSCME and the circuit clerk as defendants, and the chief judge of the circuit court for the sixteenth judicial circuit (the chief judge), which includes Kane County, was subsequently joined as a defendant. The circuit court

granted the injunction; the Board and AFSCME appealed; and the circuit clerk cross-appealed.

The parties have raised several issues in this appeal. They include whether the injunction was improperly granted because administrative remedies were not exhausted; whether the Board lacked jurisdiction to consider AFSCME's petition because the deputy circuit clerks were not "public employees" under the Illinois Public Labor Relations Act (PLRA) (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1601 *et seq.*); whether, if it is applicable to the deputy circuit clerks, the PLRA violates the separation of powers provision of our State constitution (Ill. Const. 1970, art. II, sec. 1); and whether the circuit clerk is the sole employer of the deputy circuit clerks. We reverse.

The application of the exhaustion doctrine to this case will be addressed first as the resolution of that question is determinative of the scope of our review. In cases involving administrative action, a party ordinarily must pursue all administrative remedies available prior to seeking relief in the courts. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 551-52.) The reasons for this rule are: "(1) it allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; and (3) the aggrieved party may succeed before the agency, rendering judicial review unnecessary." (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358.) There are exceptions to the general rule requiring exhaustion of administrative remedies, two of which apply in the case at bar.

One of these exceptions is that administrative remedies need not be exhausted where a party attacks an agency's assertion of jurisdiction "on its face and in its entirety on the ground that it is not authorized by statute." (*Cable Television Co. v. Illinois Commerce Com.* (1980), 82 Ill. App. 3d 814, 817, 403 N.E.2d 287, 289, quoting *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 551.) In the instant case, the issue raised with respect to whether deputy circuit clerks are "public employees" under the PLRA is such an attack on the Board's assertion of jurisdiction and so must be decided.

The other exception is applicable to certain kinds of attacks on the constitutionality of a statute. Courts of this State have formulated this exception in various ways. Some have said that it applies where a statute "is attacked as unconstitutional in its entirety" (see, *e.g., Graham v. Illinois Racing Board* (1979), 76 Ill. 2d 566, 573) while others have said that it applies where a statute is attacked as unconstitutional in its terms (see, *e.g., Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552) or on its face (see, *e.g., Bio-Medical Labo-*

*ratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548) as opposed to in its application. The latter formulations seem to more accurately reflect the scope of the exception, since the reason an attack on the constitutionality of a statute as applied must be made before an administrative agency in the first instance is that "[i]n such cases the validity or invalidity depends almost wholly upon a determination of factual matters in which the specialized agency is though to be more proficient." (*Bank of Lyons v. County of Cook* (1958), 13 Ill. 2d 493, 495.) In the case at bar, the attack on the constitutionality of the PLRA will be considered only insofar as it concerns the validity of the statute on its face rather than in its application.

Having determined the scope of review in this case, it is next necessary to determine whether the PLRA gives the Board jurisdiction in labor matters concerning deputy circuit clerks. The circuit court held that it does not. It is appropriate to consider this question at this juncture since, as the circuit court recognized, a holding that the PLRA does not grant jurisdiction to the Board would make it unnecessary to decide the constitutional question.

The question of the Board's jurisdiction in this case turns on whether deputy circuit clerks are "public employees" under the PLRA. The PLRA defines "public employee" as follows:

" 'Public employee' or 'employee,' for the purposes of this Act, means any individual employed by a public employer, including interns and residents at public hospitals, but excluding all of the following: elected officials; executive heads of a department; members of boards or commissions; employees of any agency, board or commission created by this statute; non-State peace officers; all peace officers in the State Department of Law Enforcement; non-State firefighters and paramedics employed by fire departments and fire protection districts; employees appointed to State positions of a temporary or emergency nature; all employees of school districts and higher education institutions; managerial employees; short-term employees; confidential employees; independent contractors; and supervisors except as provided in this Act." (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1603(m).)

None of the specified exceptions seems to apply to deputy circuit clerks and, indeed, the parties do not claim that any does. Rather, the county contends deputy circuit clerks are "appointees" rather than "employees," and both the county and the chief judge contend deputy circuit clerks do not work for a "public employer."

The county's claim that "appointees" are not "employees" for

purposes of the PLRA is without support in the statute. In fact, the legislature expressly excluded from the definition of public employee "employees appointed to State positions of a temporary or emergency nature." (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1603(m).) The quoted language demonstrates that the legislature intended the term "employee" to include persons appointed to positions. Indeed, to interpret the statute as generally not including appointees would render the quoted exclusion superfluous. Accordingly, it is apparent that the legislature intended the PLRA to apply to persons holding positions to which they were appointed unless the positions fall within one of the specific exclusions set forth in the statute.

The chief judge and the county also contend that the PLRA does not apply because the deputy circuit clerks are not employed by a "public employer." The PLRA provides:

> " 'Public employer' or 'employer' means the State of Illinois; any political subdivision of the State, unit of local government or school district; authorities including departments, divisions, bureaus, boards, commissions or other agencies of the foregoing entities; and any person acting with the scope of his or her authority, express or implied on behalf of such entities in dealing with its employees; provided, however, that the term 'Public employer' or 'employer' as used in this Act does not mean and shall not include educational employers or employers as defined in the 'Illinois Educational Labor Relations Act' enacted by the 83rd General Assembly as now or hereafter amended."
> (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1603(n).)

From the proceedings below, it appears that three entities claim to be the employer of the deputy circuit clerks: the county, the circuit clerk, and the chief judge. The county is clearly a "[unit] of local government" (Ill. Const. 1970, art. VII, sec. 1) and so, if the employer of the deputy circuit clerks, would be a "public employer" for purposes of the PLRA. The chief judge is a member of the judicial branch, and the circuit clerk is a nonjudicial officer of the judicial branch of the government of the State of Illinois (Ill. Const., art. VI, secs. 7 and 18). The deputy circuit clerks are also nonjudicial officers of the judicial branch of this State's government. (Ill. Const. 1970, art. VI, sec. 18; 3 Record of Proceedings, Sixth Illinois Constitutional Convention 2290-91 (hereinafter cited as Proceedings); 6 Proceedings 1061.) Under these circumstances, the offices of the chief judge and the circuit clerk can only be deemed to be authorities of the State of Illinois and the chief judge and circuit clerk, insofar as they act as employers in their official capacities, are "person[s] acting within the scope of

[their] authority *** on behalf of *** [authorities of the State of Illinois] in dealing with its employees." (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1603(n); see *Ellis v. Board of Governors* (1984), 102 Ill. 2d 387, 391-94 (Board of Governors of State Colleges and Universities held to be the State for purposes of sovereign immunity).) Therefore, to the extent that the chief judge or the circuit clerk may be employers of the deputy circuit clerks, they are public employers and the deputy circuit clerks public employees under the PLRA. We do not express any view as to whether there may be multiple employers under the PLRA nor as to what entity or entities employ the deputy circuit clerks because those questions should be addressed first in proceedings before the Board.

■ The limited constitutional question presented by this case in its current procedural posture must now be addressed. The argument in this regard is that the provisions of the PLRA requiring collective bargaining with respect to wages, hours and other conditions of employment and a grievance procedure in collective bargaining agreements constitute, where deputy circuit clerks are the employees, an overly burdensome infringement on the powers of the judicial branch of State government and the PLRA thus violates the separation of powers provision of this State's constitution. Ill. Rev. Stat., 1984 Supp., ch. 48, pars. 1602, 1604, 1607, 1608; Ill. Const. 1970, art. II, sec. 1.

With respect to the wages of the deputy circuit clerks, the constitution specifically authorizes action by the General Assembly. The constitution provides:
"The salaries of clerks and other non-judicial officers shall be as provided by law." (Ill. Const. 1970, art. VI, sec. 18(c).)
As noted earlier, deputy circuit clerks are nonjudicial officers within the meaning of section 18 of article VI of the constitution. The requirement that the salaries be "as provided by law" means that they are to be set by the General Assembly via the lawmaking process. (*Quinn v. Donnewald* (1985), 107 Ill. 2d 179, 186-87.) This requirement may be satisfied in various ways. For instance, the legislature may properly require the counties to pay for the salaries and expenses of circuit clerks (*Drury v. County of McLean* (1982), 89 Ill. 2d 417, 425), or it may establish a board whose salary recommendations go into effect so long as they are not disapproved by both houses of the General Assembly (*Quinn v. Donnewald* (1985), 107 Ill. 2d 179). There would appear to be no constitutional impediment to the legislature's providing by law that deputy circuit clerks' salaries be determined by a process including collective bargaining. We also note that

the General Assembly has specific authority to act with respect to a portion of the other conditions of the deputy circuit clerks' employment, as the constitution says:

"The General Assembly shall provide by law for the election, or for the appointment by Circuit Judges, of clerks and other non-judicial officers of the Circuit Courts and for their terms of office and removal for cause." (Ill. Const. 1970, art. VI, sec. 18(b).)

At the very least, in those areas where the constitution specifically grants the legislature authority to provide by law, the general proscription of the separation of powers provision has no application.

There are, of course, other aspects of labor relations with the deputy circuit clerks, aspects the constitution does not state the General Assembly is to provide for by law. With respect to these aspects, certain limitations contained in the statute are significant. A public employer's obligation to bargain collectively does not compel the employer "to agree to a proposal or require the making of a concession." (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1607.) More significantly:

"The duty 'to bargain collectively' shall also include an obligation to negotiate over any matter with respect to wages, hours and other conditions of employment, *not specifically provided for in any other law or not specifically in violation of the provisions of any law.* If any other law pertains, in part, to a matter affecting the wages, hours and other conditions of employment, such other law shall not be construed as limiting the duty 'to bargain collectively' and to enter into collective bargaining agreements containing clauses which either supplement, implement, or relate to the effect of such provisions in other laws." (Emphasis added.) (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1607.)

The constitution is law—the supreme law—of this State. (*People ex rel. Miller v. Hotz* (1927), 327 Ill. 433, 437. Compare Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1607 (PLRA duty to bargain collectively includes "obligation to negotiate over any matter with respect to wages, hours and other conditions of employment, not specifically provided for in any other *law* or not specifically in violation of the provisions of any *law*") with Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1710(b) (Illinois Educational Labor Relations Act section on the duty to bargain collectively provides in part that "[t]he parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with *any*

*statute or statutes enacted by the General Assembly of Illinois*").) (Emphasis added.) The duty to bargain collectively under the PLRA then specifically excludes those areas concerning wages, hours and other conditions of employment where such bargaining would violate another law, including the separation of powers provision of the constitution. Consequently, the provisions of the PLRA requiring collective bargaining do not, on their face, violate the constitution.

Insofar as the grievance procedure provision of the PLRA (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1608) is concerned, it is possible that a collective bargaining agreement with the deputy circuit clerks will not include a grievance procedure since the parties may mutually agree not to have one. Moreover, even if a grievance procedure were included in an agreement, it is impossible to know at this juncture the nature of those provisions. Since there may not be a grievance procedure in the agreement and we do not know what such a procedure will require if there should be one, we believe it inappropriate to pass on the constitutional question raised with respect to the grievance procedure provision of the PLRA.

We conclude that the PLRA is valid on its face and that any constitutional separation of powers defect in the statute will only occur in its application. We express no view on whether, and to what extent, the separation of powers provision of the constitution may limit the application of the PLRA where deputy circuit clerks are the employees involved.

The judgment of the circuit court of Kane County is reversed and the injunction is dissolved. On the court's own motion, three justices concurring therein, this cause is certified to the Supreme Court of Illinois pursuant to the provisions of Supreme Court Rule 316 (87 Ill. 2d R. 316) and article VI, section 4, of our constitution (Ill. Const. 1970, art. VI, sec. 4(c)) as involving questions of such importance that they should be decided by the Supreme Court of Illinois.

Reversed.

HOPF, J., concurs.

PRESIDING JUSTICE NASH, dissenting:

I respectfully dissent, in part, from the opinion of the court. While I agree that deputy circuit clerks are "public employees" within the context of the PLRA, I do not agree with the apparent conclusion of the majority that the chief judge or circuit clerk are necessarily "public employers," as defined in the Act, and subject to its proscriptions.

I also do not consider that the chief judge or circuit clerk "can only be deemed as authorities of the State of Illinois," within the context of the Act (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 1603(n)) nor that only those offices and the county may be designated as the public employers of deputy circuit clerks.

Deputy clerks are patently public employees and are appointed by and work for the circuit clerk, who is a nonjudicial member of the judicial branch of State government. (Ill. Const. 1970, art. VI, sec. 18; *Drury v. County of McLean* (1982), 89 Ill. 2d 417, 424.) In my view, the deputy clerks are thus employees of the State of Illinois, or a political subdivision of the State, requiring that the judicial branch be considered as their "public employer" within the meaning of section 1603(n) of the Act.

Our constitution provides a certain degree of separation between the three branches of State government, stating:

> "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, sec. 1.)

The constitution further mandates that:

> "General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules." (Ill. Const. 1970, art. VI, sec. 16.)

and that general administrative authority of a chief judge over his court is subject to the authority of the Supreme Court. Ill. Const. 1970, art. VI, sec. 7(c).

Our supreme court may ultimately choose to exercise its constitutional authority over the administration of the circuit court in this matter should the State Labor Relations Board designate as "public employer" an entity which the court deems inappropriate to the effective administration of the judicial function. This court should not here suggest that the chief judge or circuit clerk may be properly designated by the State Labor Relations Board as public employers of the deputy circuit clerks and thus be subject to the direction and sanctions of the Board in employment matters. It seems particularly inappropriate that a chief judge be so enmeshed in these nonjudicial functions, which provide for contempt and injunctive proceedings against a public employer, at the request of the board, in the court which he administers. As noted in the majority opinion, this matter will be addressed by the Board and then it may be determined whether, as applied, the PLRA conforms to the separation of powers standards of the Illinois Constitution.