NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 29, 2012*
Decided December 6, 2012

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-3260 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JAMES M. TIBOR, *Plaintiff-Appellant*, | |
| *v.* | |
| KANE COUNTY, ILLINOIS, *Defendant-Appellee*. | No. 11 C 5326 Blanche M. Manning, *Judge*. |

### Order

James Tibor has been attempting to litigate child-custody and child-support issues in a state court of Illinois. The state court insisted that he appear in person or through counsel to contest certain matters. Tibor is in prison and cannot appear in person, and he contends that he cannot afford counsel. At Tibor's request, the Supreme Court of Illinois directed the trial court to hold a telephonic hearing on one matter; the court complied. Instead of asking the Supreme Court (or the state's appellate court) to order the trial court to hold a telephonic hearing on the other contested matter, Tibor filed this federal suit under 42 U.S.C. §1983, naming as defendants his ex-wife, her lawyer, and

---

* Appellee was not served with process and has not participated in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Kane County. The district court dismissed the first two defendants on the ground that they have not acted under color of state law. Then it held that the allegations against the County fail to state a claim on which relief may be granted.

Tibor's notice of appeal names only the County. This means that his appeal is limited to his claims against that entity. See *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988). (Fed. R. App. P. 3 was amended after *Torres* to allow "*et al.*" in a notice of appeal to preserve a claim against all adverse parties, but Tibor's notice does not use "*et al.*" or otherwise evince a desire to proceed against the individual defendants.) And his arguments against the County fall short, for a fundamental reason: the County and the Circuit Court are different. Tibor has not sued the entity whose conduct aggrieves him.

Kane County is a body of local government. By contrast, the Circuit Courts of Illinois are units of state government, created by Article VI of the Illinois Constitution. See also 705 ILCS 35/1; *Drury v. McLean County*, 89 Ill. 2d 417, 420 (1982); *Kane County v. Carlson*, 140 Ill. App. 3d 814, 818–19 (1986). The 16th Judicial Circuit, in which Tibor's domestic-relations litigation is pending, comprises three counties: DeKalb, Kane, and Kendall. The Circuit Court is not part of any county, and none of these three counties has any control over pending litigation. If Tibor wants federal relief against the state judicial system, he must sue the 16th Judicial Circuit and serve it with process. See *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554 (7th Cir. 1986).

Such a suit would encounter several obstacles, starting with the fact that the Circuit Court, as a unit of state government, is not a "person" for the purpose of §1983. See *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). It may therefore be essential to use the approach of *Ex parte Young*, 209 U.S. 123 (1908), to seek prospective relief against one of the judges. A request for a federal injunction to control pending state litigation encounters the Anti-Injunction Act, 28 U.S.C. §2283. Although suits under §1983 are not strictly governed by §2283, see *Mitchum v. Foster*, 407 U.S. 225 (1972), they may proceed only to the extent allowed by the principles of *Younger v. Harris*, 401 U.S. 37 (1971), and its successors. *Younger* requires parties to pending state cases to present their contentions, even constitutional ones, to the state judiciary, both trial and appellate. Tibor did present one of his contentions to the Supreme Court of Illinois, which afforded him relief. His other contention likewise should be presented to that court, or a state intermediate appellate court. We have no reason to doubt that the state judiciary will provide Tibor with any relief to which the federal Constitution entitles him.

The judgment of the district court is affirmed.