(No. 54591.—

JACK M. DRURY *et al.*, Appellees, v. THE COUNTY OF McLEAN, Appellant.

*Opinion filed March 16, 1982.*

418

Ronald C. Dozier, State's Attorney, of Bloomington (Robert E. McIntire and Marc Christopher Loro, Assistant State's Attorneys, of counsel), for appellant.

James Walker, Ltd., of Bloomington (John R. Bailen, of counsel), for appellees.

Richard M. Daley, State's Attorney, of Chicago (Jane

Clark Casey, Deputy State's Attorney, and Ronald P. Stake, Assistant State's Attorney, of counsel), for *amici curiae* Morgan M. Finley.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Plaintiffs, Jack M. Drury and Raymond Brezinski, filed suit against the defendant, McLean County, seeking reimbursement of fine money and costs they paid to the clerk of the circuit court of that county after plaintiffs had been convicted under a statute later held unconstitutional. The circuit court denied class certification pursuant to our decision in *McCabe v. Burgess* (1979), 75 Ill. 2d 457, and granted summary judgment in favor of the named plaintiffs as to the amount of court costs paid to the county. The court denied summary judgment in favor of plaintiffs for reimbursement of fine money, ruling that the clerk was not a county official and that, therefore, payment to the clerk could not be payment to the county. The appellate court reversed, with one justice dissenting. (92 Ill. App. 3d 83.) We granted leave to appeal. We now reverse the appellate court.

Plaintiffs were convicted, and each paid a fine and court costs under the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22–1 *et seq.*). That act, as it related to marijuana, was declared unconstitutional in *People v. McCabe* (1971), 49 Ill. 2d 338. Subsequently, this court held that all those convicted under the Act had a right to the expungement of their convictions and the return of any fine money and court costs attributable to those convictions. (*People v. Meyerowitz* (1975), 61 Ill. 2d 200.) Plaintiffs now seek to be reimbursed the fine money from the defendant County of McLean. The fine money was paid by the plaintiffs to the clerk of the circuit court, and that clerk distributed the money, one-half each to the town of Normal and the State of Illinois,

apparently pursuant to the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 111½, par. 810), rather than under the appropriate statute (Ill. Rev. Stat. 1969, ch. 53, par. 18a). The County of McLean never received any of the fine money paid by the plaintiffs but did receive the costs which they paid.

Plaintiffs argue that the clerk of the circuit court is a county official and that, therefore, money received by the clerk as a county official is also received by the county. The primary issue then is whether the clerk of the circuit court of McLean County is a county official. We hold that under our constitution of 1970 the clerks of the circuit courts in this State are not county officials, but are nonjudicial members of the judicial branch of State government. This being so, the circuit clerk is not an agent of the county, and the county is not liable for fine money paid to the circuit clerk but never received in its treasury.

Historically, the circuit court clerks were elected county officials. (Ill. Const. 1870, art. X, sec. 8.) The office was specially mentioned in article X, section 8, which provided for the election of county officers. However, the new judicial article of the 1870 Constitution adopted in 1962, which was effective January 1, 1964, provided that the General Assembly "shall provide by law for the selection by the judges or election, terms of office, removal for cause and salaries *of clerks and other non-judicial officers* of the various courts; ***." (Emphasis added.) (Ill. Const. 1870, art. VI (1964), sec. 20.) Confusion was created as to the status of clerks of the circuit courts following the 1962 amendment to article VI of our constitution. The amendment, in the language quoted above, refers to clerks as nonjudicial officers of the court, and does not distinguish between clerks of the circuit courts and clerks of the appellate and supreme courts. However, article X, section 8, of the 1870 Constitution was not specifically repealed or amended in 1962, and clerks of the

circuit court were still referred to in the 1870 Constitution as county officers. By virtue of section 8 of article X, circuit clerks were not only county officers, but also were required to be elected, and their terms of office were fixed at four years. Under the 1962 amendment to article VI, the General Assembly had the authority to determine whether the clerks of the circuit court should be elected or appointed by the judges and to provide for the term of office. Also, under the amendment, as noted above, circuit court clerks became nonjudicial officers of the court.

In *Johnson v. State Electoral Board* (1972), 53 Ill. 2d 256, this court, applying general principles of statutory construction, held that the more recent provisions of the 1962 amendment to article VI abrogated the provisions of section 8, article X, which were inconsistent with the amendment. The court held that, because of such inconsistencies, section 8 of article X, governing the election of circuit court clerks, had been impliedly repealed by the amendment.

Applying the same reasoning, the provisions of article X, section 8, designating circuit court clerks as county officers were likewise impliedly repealed by the inconsistent provisions of section 20 of article VI of the 1962 amendment, which classifies all clerks as nonjudicial officers of the court. The fact that the 1962 amendment authorized the General Assembly to provide for the appointment instead of the election of clerks as required by section 8 of article X, to provide for the term of office instead of the term of four years, as set out in section 8 of article X, and designated clerks as nonjudicial officers of the court instead of county officers as in section 8 of article X, impliedly repealed section 8 of article X of the 1870 Constitution as it applied to clerks of the circuit court.

Under our present constitution, article VI, section 18(b), is substantially the same as article VI, section 20,

of the 1870 Constitution, as amended. Section 18(b) of the judicial article of the 1970 Constitution provides:

"(b) The General Assembly shall provide by law for the election, or for the appointment by Circuit Judges, of clerks and other non-judicial officers of the Circuit Courts and for their terms of office and removal for cause." (Ill. Const. 1970, art. VI, sec. 18(b).)

The Committee on Judiciary, in its comments, said that "[i] t [the proposal] would leave untouched the existing provisions which give the legislature the option of providing for the appointment by the judges, or the *election, of clerks and other non-judicial officers of the circuit courts.*" (Emphasis added.) 6 Record of Proceedings, Sixth Illinois Constitutional Convention 1057-58 (hereinafter cited as Proceedings.)

The debates of the Sixth Illinois Constitutional Convention reflect the understanding of the delegates that the judicial article of 1962 changed the status of the circuit court clerk from county officer to a nonjudicial officer of the judicial branch of State government and that the convention desired to continue this change. (4 Proceedings 2630-40.) In discussing a proposal by Delegate Dunn that the circuit court clerk be made to turn over fees to the county treasurer, Delegate Parkhurst stated:

"Now, the trouble is that the circuit clerk by definition is no longer a county official. He is now, by the mandate of the judicial article, as indeed it has been since 1962, he is now an official of the court system. He is not a county officer. ***" (4 Proceedings 2633.)

This understanding was reflected throughout the debates during the discussion of various proposed amendments both to the judicial article (article VI) and the local government article (article VII). See 4 Proceedings 2631, 2632, 2638, 2639, 3412.

We have previously acknowledged that in construing the Constitution the true inquiry concerns the understand-

ing of the meaning of its provisions by the voters who adopted it. However, the practice of consulting the debates of the members of the convention which framed the constitution has long been indulged in by courts in determining the meaning of provisions which are thought to be doubtful. (*People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 527.) The debates, therefore, aid in determining the intent of the drafters of the Constitution.

The debates of the Sixth Illinois Constitutional Convention reveal that the drafters intended the clerk of the circuit court to be a nonjudicial member of the judicial branch of the State government. The convention rejected amendments attempting to include references to the circuit court clerk in the local government article. It was the clear understanding of the delegates that they were continuing the constitutional changes that had been effective since January 1, 1964—namely, moving the clerk of the circuit court from the county officers section of the 1870 Constitution to the article on the judiciary. Further support for our conclusion is found in the local government article of our constitution of 1970 covering county officers, which does not mention or provide for the position of a clerk of the circuit court. (Ill. Const. 1970, art. VII, sec. 4.) In the Committee on Local Government report on county officers, it states that "[t]he new section would eliminate as mandatory constitutional officers in each county certain offices enumerated in the present Constitution, namely *** the clerk of the Circuit Court ***." 7 Proceedings 1703.

Article VII, section 4(c), also states that county "[o]ffices other than sheriff, county clerk, [and] treasurer *** may be *eliminated* *** by county ordinance." (Emphasis added.) (Ill. Const. 1970, art. VII, sec. 4(c).) The result, if we were to hold that the clerk was a county officer, would be that any county could eliminate the office of clerk of the circuit court. The Constitution vests

the judicial power in a "Supreme Court, an Appellate Court and Circuit Courts." (Ill. Const. 1970, art. VI, sec. 1.) In *Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, this court held unconstitutional a Cook County ordinance which directed the circuit court clerk to collect a fee when each party filed a pleading or other appearance in circuit court. In *Ampersand* the court stated:

"However, the amendment to article VI of the Constitution of 1870, effective January 1, 1964, established a unified court system throughout this state. \*\*\* The same scheme prevails under the 1970 Constitution. Only one unified court system operating statewide is contemplated. Article VI of the 1970 Constitution does not contemplate nor does it authorize the exercise of *any control over* or permit the imposition of a burden on *the judicial system by any local entity.*

The administration of justice under our constitution is a matter of statewide concern and does not pertain to local government or affairs." (Emphasis added.) *(Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 542.)

Implicit in this language is the fact that the clerk of the circuit court must be a member of State government, not subject to the control of any local government. We could not permit the administration of justice to hinge on the passage of a county ordinance abolishing the essential position of the clerk of the circuit court. We conclude that the clerk of the circuit court is a nonjudicial member of the judicial branch of State government and not a county officer.

We acknowledge that county boards are still required by law to provide for the payment of expenses of the office of the clerk of the circuit court and, within statutory limits, to fix the salary of the clerk. Section 18(c) of article VI of our constitution provides:

"(c) The salaries of clerks and other non-judicial officers shall be as provided by law." (Ill. Const. 1970, art. VI, sec. 18(c).)

The legislature has provided by law that the county boards throughout the State are to pay the salary of the clerk. (Ill. Rev. Stat. 1979, ch. 25, par. 27.3.) It is within the legislature's constitutional powers to require that counties pay the salary and expenses of the circuit court clerk. The fact that counties pay the salaries and expenses of circuit court clerks does not make the office of circuit court clerk a county office.

The plaintiff relies on our decision in *People v. Meyerowitz* (1975), 61 Ill. 2d 200, to impose liability on the county for reimbursement of the fine money. In *Meyerowitz* we held that all defendants convicted under the Act were entitled to reimbursement of court costs and fine money and that in the interest of judicial economy separate proceedings were not necessary to obtain that reimbursement, even though the county was not a named party. In *Meyerowitz,* the fine money had been paid to and received by the county. In the present case, however, the fine money was paid to the clerk of the circuit court, a member of the judicial branch, and distributed by the clerk to the State of Illinois and the town of Normal. The county cannot be held liable here, since the fine money was not collected by one of its officers and the money was never received in the county treasury. *Meyerowitz* is clearly inapplicable.

The appellate court and the plaintiffs in this cause have relied on our statement in *Meyerowitz* that "[a]n action to recover fine monies paid under an unconstitutional statute *** resemble[s] the common law action for money had and received" (61 Ill. 2d 200, 212). An action for money had and received in the nature of an action in assumpsit is maintainable where defendant has received money which in equity and good conscience belongs to the

plaintiff. (*Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 174; *National Malleable Castings Co. v. Iroquois Steel & Iron Co.* (1929), 333 Ill. 588; see 27 Ill. L. & Prac. *Money Lent, Paid, or Received* (1956).) Although the plaintiffs may be legally entitled to the fine money, the defendant here never received it. Furthermore, as we stated earlier, the clerk of the circuit court is not a county officer, and money received by the clerk cannot be said to be received by the county. Also, as to the fines paid, there is no unjust enrichment of the county, since it never received the money, either directly or indirectly. An action in the nature of money had and received for the money paid as fines therefore cannot lie against the county.

In *Gray v. Callender* (1899), 181 Ill. 173, this court held that "where one person pays money to another with the mutual understanding that it is to be applied to a particular purpose, and the person so receiving the money fails to apply it to that purpose but pays it over to a third person who has no right to it, then an action for money had and received lies in favor of the party so paying the money, against the one receiving it from him." (*Gray v. Callender* (1899), 181 Ill. 173, 176-77.) Conversely, it was held in *City of Chicago v. Fidelity Savings Bank* (1882), 11 Ill. App. 165, that since the city had never received tax money wrongfully collected by the town collector and since the town collector was not the agent of the city, an action against the city for money had and received did not lie. The court stated:

> "In an action for money had and received, it is essential to prove that the defendant has actually received the money or money's worth. It is not enough to show that there is money in the hands of a third person which the defendant is entitled to receive ***." (*City of Chicago v. Fidelity Savings Bank* (1882), 11 Ill. App. 165, 169.)

Essentially the same situation exists here. The plaintiffs paid the money to the clerk of the court for the purpose of satisfying the judgment against them and so that the clerk would disburse the funds to the proper authorities. The clerk, through an apparent mistake, paid the money to the State and the town of Normal, third parties who had no right to the money. The county, though legally entitled to the money, never received it. We need not decide here whether plaintiffs may recover from those who received the money or from the clerk. However, under these facts, no recovery for the fine money can be had from the county.

In view of our holding that the clerk of the circuit court is not a county officer, money received by the clerk as fines is not, *ipso facto*, received by the county. However, any money received by the county into its treasury is recoverable from the county. In this instance, the court costs paid by the plaintiffs and received by the county are to be refunded to the plaintiffs.

We hold that the clerk of the circuit court is not a county official. The judgment of the appellate court is therefore reversed and the judgment of the circuit court of McLean County is affirmed, and the cause is remanded to the circuit court of McLean County.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*