**Barbara BAKER, Plaintiff,**

v.

**DuPAGE COUNTY, et al., Defendants.**

**No. 87 C 9279.**

United States District Court,
N.D. Illinois, E.D.

Jan. 6, 1989.

Michael W. Rathstack, Chicago, Ill., for plaintiff.

John T. Elsner, Patrick K. Bond, DuPage County State's Atty., Wheaton, Ill., for defendant DuPage County.

Grace Allen Newton, Chicago, Ill., for defendant Carl Lind.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Barbara Baker filed this action under 42 U.S.C. § 1983 on October 26, 1987. Ms. Baker asserts that defendant DuPage County (the "County") and Carl Lind, the Court Administrator for the Circuit Court of DuPage County, violated her rights under the Fourteenth Amendment to the United States Constitution.

### FACTS

Ms. Baker was hired to work as a legal secretary in the Circuit Court of DuPage County in June, 1981. Ms. Baker apparently performed her responsibilities in a satisfactory and professional manner at all times. During her employment, she never received a written or oral reprimand, a suspension, or a demotion. Ms. Baker received her paychecks and W–2 forms from the County and asserts that she always believed that she was a County employee. On October 28, 1985 Mr. Lind fired Ms. Baker without notice and without a hearing. Mr. Lind did not comply with the requirements of the DuPage County Personnel Manual when he fired her. Ms. Baker contends that by firing her without any process whatsoever Mr. Lind and the County violated her rights under the Due Process clause of the Fourteenth Amendment.

The County has moved to dismiss Ms. Baker's action under Fed.R.Civ.P. 12(b)(6). Because both parties rely on matters outside the complaint, this motion is converted to a motion for summary judgment under Fed.R.Civ.P. 56(c).

### DISCUSSION

Summary judgment is appropriate only if the parties' evidentiary materials show that

there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). This court must construe all allegations and inferences in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). "The judge must ask himself not whether he thinks the evidence favors one side or another, but whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson,* 106 S.Ct. at 2512.

■ In order to succeed on a due process claim, a discharged employee must establish that he or she had a property interest in continued employment. *Vukadinovich v. Bartels,* 853 F.2d 1387, 1389 (7th Cir.1988). To determine whether a plaintiff has a constitutionally protected property interest, a court must examine "existing rules or understandings that stem from an independent source, such as state law." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). A unilateral expectation of a property interest in a benefit is clearly insufficient. *Id.; Simpkins v. Sandwich Community Hospital,* 854 F.2d 215, 218 (7th Cir.1988).

In order to determine whether Ms. Baker had a property interest in continued employment, the court must determine whether Ms. Baker was an employee of the County or an employee of the State of Illinois. Ms. Baker asserts that she was a County employee and therefore had a property interest based upon the DuPage County Board Personnel Policy. Ms. Baker concedes that she did not have a legitimate claim to continued employment by the State because state court employees are exempt from the Illinois Personnel Code. *See* Ill.Rev.Stat. ch. 127, ¶ 63b104c(3) (1982).

■ Ms. Baker was not a County employee. Article VI, Section 16 of the Illinois Constitution vests in the Supreme Court of Illinois "general administrative and supervisory authority over all courts" and authorizes the Supreme Court to appoint an administrative director and staff, "who shall serve at its pleasure." Ill. Const. art. VI, § 16 (1970). Ms. Baker was a member of the Circuit Court's staff. As such, she was not protected by the County's personnel manual.

■ Ms. Baker insists nonetheless that she was a *de facto* employee of the County. She points out that the County issued her paychecks and otherwise controlled her personnel records. Moreover, she asserts that she reasonably believed herself to be a County employee and was never informed otherwise. Ms. Baker maintains that the County is therefore estopped from denying her the protections afforded other County employees.

■ Equitable estoppel requires the party asserting estoppel to rely to her detriment on some intentionally misleading statement or conduct of the party to be estopped. *See Lyman v. Strasburg,* 647 F.Supp. 887, 890 (N.D.Ill.1986). Ms. Baker has failed to assert any intentionally misleading misrepresentation or conduct upon which she could have reasonably relied. Consequently, the doctrine of equitable estoppel does not apply to preclude the County from denying her the protections afforded to County employees under the DuPage County Board Personnel Policy. Ms. Baker has no legitimate entitlement to continued employment and therefore is not entitled to due process protections.

■ That Ms. Baker's termination did not violate her due process rights is buttressed by the fact that Mr. Lind was not bound to provide her the process prescribed by the County personnel manual. Mr. Lind was not a County employee. Section 18(b) of the Illinois Constitution provides that clerks of the court and "other non-judicial officers of the Circuit Courts" are members of the state judiciary. *See Drury v. County of McLean,* 89 Ill.2d 417, 60 Ill. Dec. 624, 433 N.E.2d 666 (1982). *See also R.G. Jerry Klebe v. The County of Lake,* No. 83 C 6441, slip op. (N.D.Ill. October 19, 1984). As Court Administrator, Mr. Lind was a non-judicial officer of the Circuit Court of DuPage County and not a DuPage County employee when he terminated Ms.

Baker. Mr. Lind, therefore, was not obligated to comply with the termination procedures outlined in DuPage County's policy manual.

Ms. Baker did not have a constitutionally protected interest in continued employment with the Circuit Court. No reasonable jury could conclude that Mr. Lind or DuPage County deprived Ms. Baker of her property without due process of law in violation of the Fourteenth Amendment. Summary judgment in favor of the defendant is therefore appropriate.

## CONCLUSION

For the reasons stated in this memorandum opinion, defendants' motion to dismiss (which due to the submissions by both sides have been converted to a motion for summary judgment) is GRANTED.