**Michael McGRATH, Plaintiff–Appellee,**

v.

**Kenneth GILLIS, Ex–First Assistant State's Attorney, and Steven Rissman, Former Assistant State's Attorney, in their individual capacities, Defendants–Appellants.**

**No. 94–2443.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 9, 1994.

Decided Jan. 6, 1995.

Michael L. McGrath, Blue Island, IL (argued), for plaintiff-appellee.

Nancy A. Berte, Office of State's Atty., (argued), Jeremy C. Schwartz, Office of State's Atty., Federal Litigation Div., John J. Murphy, Office of the State's Atty., Labor & Employment Div., Chicago, IL, for defendants-appellants.

Before RIPPLE and MANION, Circuit Judges, and SKINNER, District Judge.*

SKINNER, District Judge.

Plaintiff/appellee Michael McGrath was discharged on November 15, 1991 from his position as an Assistant State's Attorney in the Child Support Enforcement Division of the State's Attorney's Office of Cook County. McGrath then filed a three-count complaint pursuant to 42 U.S.C. § 1983 against State's Attorney Jack O'Malley, ex-First Assistant State's Attorney Kenneth Gillis, Former Assistant State's Attorney Steven Rissman, and Assistant State's Attorney Obrietta Scott, each individually and in his or her official capacity, as well as the State of Illinois, County of Cook and Cook County State's Attorney's Office, alleging the deprivation of a property interest in continued employment without due process of law under the Fourteenth Amendment, breach of an employment contract, and intentional infliction of emotional distress. All defendants except for Gillis and Rissman in their individual capacities were eventually dismissed from the action.

Defendants Gillis and Rissman brought a Motion for Summary Judgment before the district court arguing that McGrath possessed no property interest in continued employment, that they were not liable in their individual capacities because McGrath failed to show any personal involvement on defendants' part, and that they were entitled to qualified immunity because their alleged misconduct in terminating McGrath did not violate any clearly established constitutional rights. Their motion was denied. Gillis and Rissman have filed an interlocutory appeal from the denial of qualified immunity.

---

* Hon. Walter Jay Skinner of the District of Massachusetts, sitting by designation.

## 1. Jurisdiction

■ In *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." This court has jurisdiction to review a denial of qualified immunity when the lower court's decision is based on a legal determination that the conduct alleged violated a clearly established protected right, but this court has no jurisdiction to review appeals from decisions based on factual conclusions. *Marshall v. Allen,* 984 F.2d 787, 792 (7th Cir.1993).

Here, the district judge denied defendants' claim of qualified immunity on legal rather than factual grounds, finding that in terminating the plaintiff's employment the defendants violated a clearly established constitutional right. The judge elected to treat defendants' Motion for Summary Judgment as a Motion for Reconsideration of her prior denial of defendants' earlier Motion to Dismiss. In ruling on the Motion for Summary Judgment, she explained that, "Accepting the facts alleged in the complaint as true, the court found [in its earlier denial of Defendants' Rule 12(b)(6) Motion to Dismiss] that 'there can be no doubt that a reasonable person in the defendants' position would have been aware that his conduct violated McGrath's right to due process." In ruling on defendants' Motion for Summary Judgment, the judge found that defendants did not present any new facts beyond those accepted as true in the earlier Motion to Dismiss. Accordingly, in both the Motion to Dismiss and the Motion for Summary Judgment, she did not weigh or adjudicate the facts but rather construed all evidence in favor of McGrath and denied defendants qualified immunity on the basis of a legal conclusion.

## 2. Standard

Having jurisdiction, we "review[ ] *de novo* a district court's summary judgment determination on qualified immunity." *Marshall v. Allen,* 984 F.2d at 793, citing *Upton v. Thompson,* 930 F.2d 1209, 1211 (7th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992). While all inferences from the facts must be drawn in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986), summary judgment should be granted if the plaintiff cannot "present a version of the facts that is supported by the evidence and under which defendants would not be entitled to qualified immunity." *Marshall,* 984 F.2d at 793 (citing *Hall v. Ryan,* 957 F.2d 402, 404 (7th Cir.1992)). Plaintiff cannot rest on allegations but must "come forward with evidence that would reasonably permit the finder of fact to find in [plaintiff's] favor on a material question," otherwise the "court must enter summary judgment against [the plaintiff]." *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994).

■ The doctrine of qualified immunity provides that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 737 (7th Cir.1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The Supreme Court fashioned the qualified immunity doctrine "in such a way as to 'permit the resolution of many insubstantial claims on summary judgment' and to avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (quoting *Harlow,* 457 U.S. at 817–18, 102 S.Ct. at 2738). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.*

In order to defeat a claim of qualified immunity, a plaintiff must allege a cognizable violation of a constitutional right clearly established at the time of the alleged misconduct. *Marshall*, 984 F.2d at 793–94, *accord Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Whether a right is clearly established is a question of law for the court to decide, *Id.* at 793, and plaintiff "bears the burden of establishing the existence of a clearly established constitutional right." *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir.) (en banc), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988).

Clearly established rights are those which are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Marshall*, 984 F.2d at 794 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). The law at the time of the conduct in question must have been "clear in relation to the specific facts confronting the public official when he acted." *Id.* (quoting *Rakovich*, 850 F.2d at 1209). "[U]ntil a particular constitutional right has been stated so that reasonably competent officers would agree on its application to a given set of facts, it has not been clearly established." *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992).

This court should "look to whatever decisional law is available to ascertain whether the law has been clearly established." *Rakovich*, 850 F.2d at 1209. A " 'sufficient consensus based on all relevant case law, indicating that the officials' conduct was unlawful' is required." *Henderson*, 940 F.2d at 1058–59 (quoting *Landstrom v. Illinois Dept. of Children & Family Serv.*, 892 F.2d 670, 676 (7th Cir.1990)). Further, even if the law is clearly established, an official is afforded the protection of qualified immunity if at the time of the challenged actions his belief that his actions were lawful is "objectively reasonable." *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3040.

### 3. Analysis

In denying the defendants' Motion for Summary Judgment and concluding that the defendants are not entitled to qualified immunity, the district court found that "a clear precedent that a local ordinance granting employees substantive procedural protections creates a protected property interest in continued employment" was violated by defendants in terminating plaintiff's employment. The district court ruled and the plaintiff argues on appeal that as an Assistant Cook County State's Attorney he was a Cook County employee and therefore subject to the Cook County Rules Governing Employee Conduct ("Cook County Rules") which guaranteed to plaintiff certain procedural protections, including the right to be disciplined only for "just cause" and which gave him a property interest in continued employment. *See Patkus v. Sangamon–Cass Consortium*, 769 F.2d 1251, 1263 (7th Cir.1985) ("[P]ublic employees who cannot be dismissed except for cause have a property interest in their positions.").

The defendants contend that the plaintiff cannot state a due process claim because he had no property interest in continued employment. Specifically, the defendants argue that Assistant Cook County State's Attorneys are not employees of Cook County and therefore are not covered by the Cook County Rules. Since he was not covered by the Cook County Rules, the plaintiff was an at-will employee and the defendants committed no clear constitutional violation in terminating his employment without a hearing on just cause or other equivalent procedural protections.

As defendants point out, "more than a unilateral expectation" of a property interest in continued employment is necessary to state a claim for a due process violation of that interest. Plaintiff must demonstrate an entitlement to continued employment. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Roth*, the Supreme Court held that a non-tenured state university instructor whose expired employment contract was not renewed was not entitled to a hearing and did not have a property interest

protected under the Fourteenth Amendment because no university rule or policy gave him an entitlement to continued employment or automatic renewal absent cause. For plaintiff to show that he had a property interest in his position at the time of his discharge he must demonstrate that defendants were "bound by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577–78, 92 S.Ct. at 2709. Plaintiff relies on the Cook County Rules as providing an independent source binding on defendants.

Illinois case law holds, however, that State's Attorneys are employees of the State of Illinois. In *Office of Lake County State's Attorney v. Human Rights Commission,* 235 Ill.App.3d 1036, 176 Ill.Dec. 596, 601 N.E.2d 1294 (2d Dist.1992), *cert. denied,* 148 Ill.2d 644, 183 Ill.Dec. 22, 610 N.E.2d 1266 (1993), the court concluded that "the State's Attorney is an elected constitutional officer," *id.* at 1041, 176 Ill.Dec. at 600, 601 N.E.2d at 1298 (citing *People v. Thompson,* 88 Ill.App.3d 375, 377, 43 Ill.Dec. 600, 601, 410 N.E.2d 600, 601 (4th Dist.1980), and Ill.Constit., Art. VI, § 19 (1970)), and that "[t]he office of the State's Attorney, then, is part of the executive branch of the State government." *Id.* at 1042, 176 Ill.Dec. at 600, 601 N.E.2d at 1298.

■ The Illinois Supreme Court, in *Ingemunson v. Hedges,* 133 Ill.2d 364, 369, 140 Ill.Dec. 397, 400, 549 N.E.2d 1269, 1272 (1990), held that State's Attorneys should "be classified as State, rather than county, officials." In reaching this holding, the court noted that the debates of the Sixth Illinois Constitutional Convention indicated support for an early Illinois Supreme Court decision, *Hoyne v. Danisch,* 264 Ill. 467, 106 N.E. 341 (1914), which held that State's Attorneys are indeed state officials. The court in *Ingemunson* concluded that the drafters of the present Illinois Constitution intended the same result.

The plaintiff suggests that *Ingemunson* is inapplicable because it addressed only the status of State's Attorneys and made no mention of Assistant State's Attorneys. This distinction is fallacious. Under Illinois law Assistant State's Attorneys are surrogates for the State's Attorney. Assistant State's

Attorneys "possess the power in the same manner and to the same effect as the State's Attorney." *People v. Tobias,* 125 Ill.App.3d 234, 242, 80 Ill.Dec. 496, 503, 465 N.E.2d 608, 615 (1984) (citations omitted). Nothing in either *Ingemunson* or *Lake County* suggest that either court would have reached a different result had it been considering the status of an Assistant State's Attorney of a county as opposed to that of the State's Attorney of a county. No cases have been brought to our attention which hold that an Assistant State's Attorney is not a state employee or is in any relevant way distinguishable from a State's Attorney. At a minimum, Illinois decisional law does not evidence a "sufficient consensus" that an Assistant State's Attorney is a county rather than a state employee.

The plaintiff also argues that he was under the jurisdiction of the President of the Board of Commissioners of Cook County because 55 ILCS 5/4–2003 directs that the salaries of Assistant State's Attorneys "shall be fixed by the State's Attorney subject to budgetary limitations established by the county board and paid out of the county treasury." However, the remainder of that very statute provides that "Assistant State's Attorneys to be named by the State's attorney of the county, ... shall take the oath of office in like manner as State's Attorneys, and shall be under the supervision of the State's Attorney," suggesting that Assistant State's Attorneys may rightly be viewed as arms of the State's Attorney and therefore as state officials.

Furthermore, 55 ILCS 5/3–9012, the Illinois statutory provision governing the compensation of State's Attorneys, who are clearly state employees, sets forth a formula involving both state and county funds. The fact that plaintiff was paid out of county funds does not compel the conclusion that he was a county employee. In *Warren v. Stone,* 958 F.2d 1419 (7th Cir.1992), two employees from the county Public Defender's office brought actions under 42 U.S.C. § 1983 for wrongful termination, alleging that they were county employees on the basis that Illinois statutory law dictates that the county pay their salary and benefits. This court rejected their argument and noted that "the Illinois Supreme Court has determined that

funding is not conclusive as to state or county employee status." *Id.* at 1422 (citing *Drury v. County of McLean,* 89 Ill.2d 417, 425, 60 Ill.Dec. 624, 627, 433 N.E.2d 666, 669 (1982)). *See also Orenic v. Illinois State Labor Relations Board,* 127 Ill.2d 453, 130 Ill.Dec. 455, 537 N.E.2d 784 (1989) (Assistant Public Defenders are state employees and the county was not a "joint employer" despite the county's statutory authority to set and pay their salaries.). Employees of the state government are not transformed into county employees simply because the county government participates in budgeting and paying of their salaries.

The plaintiff also argues that his status as a county employee is evidenced by the limitation that he can only act as an Assistant State's Attorney in Cook County. In an early decision, the Illinois Supreme Court reached the conclusion that State's Attorneys were county officers based on the court's recognition that a State's Attorney "is elected for and within a county to perform his duties therein, and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner and other officers connected with the administration of justice within the county." *People v. Williams,* 232 Ill. 519, 521, 83 N.E. 1047 (1908) (quoting *County of Cook v. Healy,* 222 Ill. 310, 316, 78 N.E. 623 (1906)). But the court in *Ingemunson* recognized that this holding did not survive *Hoyne;* consequently, that State's Attorneys are elected for and perform their duties within one county does not suggest that they are county employees.

In further support of the proposition that State's Attorneys should be considered county employees, the plaintiff points to the fact that all the paperwork in the Cook County State's Attorney's Office has the county and not the state seal in its letterhead. Additionally, the release form plaintiff signed when hired as an Assistant State's Attorney stated that "this information is to be used to determine my placement for the position I am entering with Cook County." Finally, "County Department of Personnel" is written on the first line of plaintiff's personnel inventory report. The report continues to state that, "This Personnel Inventory Report as-

sists the Department of Personnel in effectively ascertaining your proper placement in a position with Cook County."

While all of this may have convinced the plaintiff that he was indeed a county employee, unilateral expectations alone are not enough. *See Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. At best, the plaintiff's evidence no more than raises a question as to whether Assistant State's Attorneys are county or state employees. We find that under Illinois law as interpreted by the state and this circuit, the plaintiff has not met his burden to "clearly establish" that he was a Cook County employee protected by the Cook County Rules. Therefore, he did not possess a "clearly established constitutional right" in continued employment with the State's Attorney's Office at the time of his dismissal on November 15, 1991. Accordingly, defendants are entitled to qualified immunity under 42 U.S.C. § 1983.

### Order

The District Court's denial of defendants' motion for summary judgment is *reversed* and this case is *remanded* with direction to enter judgment for the defendants.