**Clyde COBB, Plaintiff,**

v.

**COUNTY OF COOK, Defendant.**

**No. 97 C 7260.**

United States District Court, N.D. Illinois, Eastern Division.

April 22, 1998.

---

Clara L. Larry, Clara L. Larry & Associates, Chicago, IL, for Plaintiff.

David Gaughan, Cook County State's Attorney, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Clyde Cobb ("Cobb") filed an initial Complaint and then a First Amended Complaint ("FAC") against the County of Cook ("County"),[1] asserting both (1) race discrimination while Cobb was employed as a probation officer (Cobb is black) and also (2) unlawful retaliation in response to Cobb's filing of an EEOC charge alleging such discrimination. When County failed to respond to a proper return of service, an order of default (but not a default judgment) was entered against County on March 5, 1998.

Then on April 1 Cobb's counsel moved to convert the default order against County into a default judgment. Shortly before that County awakened from its prior somnolence and brought the matter to the attention of the State's Attorney's Office, which responded to the April 1 motion by moving both to vacate the order of default and to dismiss the FAC because Cobb had assertedly selected the wrong defendant. According to the State's Attorney, County was not Cobb's employer—that label should instead have been attached to the Chief Judge of the Circuit Court of Cook County. And that being the case, County itself would have no liability either under Title VII or under 42 U.S.C. § 1981 (the two federal statutes invoked by Cobb).

This Court promptly set the lawyers to work to submit further authorities in support of their respective positions, for neither had done a really adequate job in that respect. Now the issue has been better focused by the parties' cross-submissions of memoranda filed on April 20, and this Court is in a position to proceed on the respective motions.

County's counsel begins by stating a false premise: County's current memorandum points to Fed.R.Civ.P. ("Rule") 17(b) as assertedly directing this Court to Illinois law "to determine if the County of Cook is an entity capable of being sued in this matter." But County's capacity to be sued is not of course at issue here, so that the reference to Rule 17(b) is a total red herring. Instead it may be relevant, but it is certainly not controlling, that the Illinois state courts have decided in somewhat different contexts that for state law purposes judicial branch employees (presumably including probation officers) are not subject to claims that the chief judges and the counties are their joint employers (*Orenic v. Illinois State Labor Relations Bd.*, 127 Ill.2d 453, 474–85, 130 Ill.Dec. 455, 537 N.E.2d 784, 794–800 (1989); and see *Drury v. County of McLean*, 89 Ill.2d 417, 417–24, 60 Ill.Dec. 624, 433 N.E.2d 666, 667–

1. Cobb's original Complaint, filed pro se, had named "Cook County Adult Probation Department" as defendant. When this Court pointed out at the initial status hearing that the designated defendant was not a legal entity, the FAC (filed by counsel whom Cobb had since retained) specified County as the target of the action, in addition to making other changes in the framing of the same two claims that Cobb had set out in his pro se filing.

69 (1982)). Instead the term "employer," for purposes of the two federal statutes at issue here, must be given substantive content under *federal* principles, guided but not controlled by state law. It is important to note that in resolving the related question of defining an "employee" for ERISA purposes, the Supreme Court has announced and applied a general common law agency test (*Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323–24, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)).

On that score Cobb's counsel has drawn attention to a case that presents by far the closest parallel to the issue posed in this action that this Court's own independent research has uncovered: *Graves v. Lowery,* 117 F.3d 723 (3d Cir.1997). Under the criteria announced in that thoughtful opinion, when applied to the factual information adduced by Cobb in support of his motion to convert the default order against County into a default judgment,[2] County's motion to dismiss must be denied, and this Court so orders.

To be sure, what has just been said puts the cart somewhat before the horse, for County must first overcome the previously-entered order of default before it can seek dismissal. But this Court has followed that sequence deliberately, because County's sole emphasis on the proposition that it was not Cobb's employer to begin with has caused it to ignore the kind of showing that the cases require to vacate a default order. Its only attempt to satisfy the legal requirements in that respect—good cause for the default, quick action to correct it and a meritorious defense to the Complaint (*Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir.1994)[3]—has been its contention as to the identity of Cobb's employer. This Court will give County one more chance, but in the absence of a suitable submission ad-

dressing the case law criteria on or before May 5, 1998, County's motion to vacate the default order will be denied.

---

[2]. This Court of course recognizes that for purposes of County's motion to dismiss the FAC, there is no need to go into any background facts that underlie the FAC's allegations. Instead the more generous test prescribed by *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) must be applied. Nonetheless the factual information supplied by Cobb more than supports the allegation of FAC ¶ 7 that it was *County* that employed Cobb as a probation officer.

[3]. *Pretzel & Stouffer* dealt with vacating a default judgment rather than an order of default. But both the opinion's reference to Rule 55(a)(which deals with the latter) and the case law construing Rule 55(c) confirm that the same factors are to be considered, even though the task of overturning an order of default is easier.