NO. 4-01-0345

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Livingston County

RAYMOND R. FULKERSON, ) No. 98CF109

Defendant-Appellant. )

) Honorable

) Randolph R. Spires,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In March 1999, defendant Raymond R. Fulkerson was convicted of committing aggravated driving under the influence of alcohol in August 1998 (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(C) (West Supp. 1997)).  The trial court sentenced him to a term of imprisonment.  It also ordered him to pay restitution.  Fulkerson eventually filed a motion for postconviction relief, which argued that (1) his sentence was excessive under the statute and (2) restitution was not authorized.  In May 2000, the trial court reduced Fulkerson's term of imprisonment but continued to order restitution.  Fulkerson appealed.  In an unpublished order, we held that the relevant statute did not authorize restitution.  We vacated the order of restitution and remanded the case for issuance of an amended judgment "omitting the restitution reference."  
People v. Fulkerson
, Nos. 4-99-0635, 4-00-0484 cons., slip order at 9 (December 29, 2000) (unpublished order under Supreme Court Rule 23).

Fulkerson thereupon filed a motion for the return of his bail bond deposit which, after the payment of fines and costs, amounted to approximately $4,004.  In response, the State's Attorney claimed that the circuit clerk of Livingston County had already paid the balance of the deposit to the victims.  The State argued that Fulkerson's remedy was against those victims, not the clerk.  It also argued that Fulkerson had forfeited the right to seek a return of his deposit by failing to seek a stay of its disbursement.  The trial court apparently accepted these arguments and denied Fulkerson's motion.  Fulkerson appeals.

The issue before us is one of first impression.  Both parties cite case law discussing various scenarios regarding the payment and subsequent refund of fines.  However, while fines and restitution may be treated similarly in some circumstances, they originate from entirely different statutory schemes.  Fines are often offense-specific; restitution is governed by one central statutory provision. 
 In any event, even those cases involving fines leave the question open.  
Drury v. County of McLean
, 89 Ill. 2d 417, 433 N.E.2d 666 (1982), is perhaps closest to the instant case.  There, the plaintiffs paid fines to the circuit clerk of McLean County, who in turn mistakenly distributed the money to the town of Normal and the State instead of placing them in the county coffers where they belonged.  
Drury
, 89 Ill. 2d at 419-20, 433 N.E.2d at 667.  The plaintiffs nonetheless sued McLean County. 
 The supreme court first determined that the circuit clerk was an agent of the courts, not of the county.  It therefore held that the county could not be sued for money it never received, owing to the clerk's mistake.  It explicitly left open the question of whether the plaintiffs could recover from the clerk's office itself.  
Drury
, 89 Ill. 2d at 427, 433 N.E.2d at 670.

Section 110-7 of the Code of Criminal Procedure of 1963 provides that when a defendant posts a bail bond and deposit, he must acknowledge that his bail may be used "to pay costs, attorney's fees, fines, or other purposes authorized by the court."  725 ILCS 5/110-7(a) (West 1998).  It also provides that the circuit clerk has a duty to return the amount of the bond when the conditions of the bail bond have been performed and the accused has been discharged from his or her obligations in the cause.  725 ILCS 5/110-7 (West 1998).  

Section 110-7 does not specifically contemplate restitution.  However, section 5-5-6(e) of the Unified Code of Corrections provides that "The court may require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine that may be imposed to the payment of restitution."  730 ILCS 5/5-5-6(e) (West 1998).  Use of the permissive "may" indicates that the payment of restitution from a defendant's bail bond deposit lies within the discretion of the trial court.

Nothing in the record indicates that the trial court in this case ever authorized the payment of restitution from Fulkerson's bail bond deposit.  Rather, it merely ordered that Fulkerson pay restitution within five years of his release from imprisonment.  If the circuit clerk did in fact give the balance of Fulkerson's bond to the victims in this case, his actions were not authorized.  Contrary to the State's assertion, it was not "logical and proper" for the office of the circuit clerk to pay over Fulkerson's bond in the absence of an order directing it to do so.  Similarly, the State's argument regarding Fulkerson's duty to seek a stay of disbursement is not well-taken.  In a proper case, that argument might perhaps have some merit.  But it is unclear how or why Fulkerson could be required to seek a stay of a payment which was never authorized in the first instance and of which he had no judicial notice.  

In sum, this case would be much different (and much more complex) if the circuit clerk had distributed the balance of Fulkerson's bond in accordance with a judicial directive which was later vacated.  But that did not happen here.  On remand, the trial court is therefore directed to enter an order requiring the circuit clerk to return the balance of Fulkerson's bond deposit.

Reversed and remanded with directions.

MYERSCOUGH and KNECHT, JJ., concur.